United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CREDITORS TRADE ASSOCIATION, INC.,

    Plaintiff,

    v.

DALTON CARPET LIQUIDATORS, INC., et al.,

    Defendants.
_____/

No. C 05-2983 PJH

**ORDER TO SHOW CAUSE**

    Plaintiff is hereby ORDERED to show cause in writing, no later than December 30, 2005, why the court should not set aside the entry of default entered on December 2, 2005, and dismiss this case for lack of subject matter jurisdiction.

    Plaintiff Creditors Trade Association, Inc. ("CTA") – a collection agency – filed this action on July 21, 2005, alleging breach of written contract and various other common law causes of action, against defendants Dalton Carpet Liquidators, Inc., Karen M. Pollard, and Ronnie Pollard, in connection with an unpaid bill for wholesale building and flooring materials. The claim was assigned to CTA by Witex USA, Inc. ("Witex"), the owner of the account.

    The complaint alleges jurisdiction pursuant to 28 U.S.C. § 1332, and asserts that "[t]his is a civil action where jurisdiction is founded on diversity of citizenship." CTA is a California corporation, and the complaint alleges that defendants Karen M. Pollard and Ronnie Pollard are "individuals residing in Witfield, GA." The complaint does not allege the citizenship of the

Pollards, or the citizenship or principle place of business of Dalton Carpet Liquidators, Inc.

The complaint does not include a copy of the contract, but asserts, e.g., that defendants "became indebted to [CTA's] assignor . . . in the sum of $76,826.38," and that CTA "has sustained damages in the sum of $76,826.38, plus interest." Each of the six causes of action repeats the $76,826.38 amount.

Defendants were served with the summons and complaint on August 15, 2005. On October 10, 2005, CTA filed a certificate of service showing service on Karen Pollard, and on October 21, 2005, filed certificates of service showing service on Ronnie Pollard and Dalton Carpet Liquidators. The certificates of service state that defendants were served in Gadsden, Alabama.

Defendants filed no response to the complaint, and on November 28, 2005, CTA filed a request for entry of default. The default was entered by the clerk on December 2, 2005. On December 7, 2005, CTA filed a motion for default judgment. In the motion, CTA requests judgment in the principal amount of $73,832.62, plus costs and interest.

Gary E. Looney, the president of CTA, filed a declaration in support of the motion. The declaration states that "Witex assigned its open account of $73,832.62 to CTA based on a written contract." Attached as Exhibit A to the Looney Declaration is a copy of the assignment, which is dated May 6, 2005. The "amount due" reflected on this document is $73,832.62. Attached as Exhibit B is a copy of a "Confidential Credit Application," bearing the letterhead of Witex USA, Inc., and providing information regarding Dalton Carpet Liquidators, Inc., Karen Pollard, and Ronnie Pollard. The Looney Declaration identifies this document as the "written contract" that reflects the open account of $73,832.62. However, no such amount appears on the face of this document. Attached as Exhibit C is a copy of "the statement of account," presumably generated by Witex. This document reflects an amount owing of $73,832.62.

Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, and is between . . . citizens of different States." Section § 1332 is construed strictly, and any doubt

2

as to whether jurisdiction exists is normally resolved against a finding of such jurisdiction. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (1983).

Here, plaintiff has not adequately alleged that the dispute is between citizens of different states. The complaint alleges only the residence, not the citizenship, of the individual defendants, and alleges nothing with regard to the corporate defendant. More serious, however, is the discrepancy between the amount in controversy alleged in the complaint, and the amount in controversy reflected in the assignment and in the statement of account. The amount alleged in the complaint is more than $75,000, whereas the amount actually owed appears to be less than $75,000.

The amount in controversy for jurisdictional purposes is determined by the amount of the damages or the value of the property that is the subject of the action. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977). The amount in controversy is determined without regard to accrued or accruing interest, or the costs of suit. 28 U.S.C. § 1332(b). Here, based on the amount shown in the statement of account and in the assignment of the claim, it appears that the amount in controversy is $73,832.62.

If attorney's fees are recoverable by statute or contract, the fee claim is included in determining the amount in controversy. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). On the other hand, when there is no direct legal authority for an attorney's fee, a request for a fee cannot be included in the computation of the jurisdictional amount. Id. at 1155.

Here, although the motion for default judgment does not mention attorney's fees, the complaint prays for fees pursuant to California Code of Civil Procedure § 1717.5. As there is no § 1717.5 in the Code of Civil Procedure, the court interprets this as a request for fees under California Civil Code § 1717.5. That section provides for an award of attorney's fees to the prevailing party in an action on contract based on a book account. The third cause of action alleged in the complaint is for open account.

A fee awarded under Civil Code § 1717.5 may not exceed $800 for book accounts based upon an obligation owing by a natural person for goods, moneys, or services which

were primarily for personal, family, or household purposes; or $1,000 for all other book accounts.  See Cal. Civ. Code § 1717.5(a).  Thus, even if CTA's intent was to include a request for $1000 in attorney's fees in the computation of the amount in controversy, the total amount still does not exceed $75,000, as required by 28 U.S.C. § 1332.

Ordinarily, the amount in controversy is determined at the time the action is commenced.  A subsequent reduction of the demand to below $75,000 does not ordinarily oust diversity jurisdiction, so long as the original demand was made in good faith.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 295-96 (1938).  To justify dismissal for lack of a jurisdictional amount, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.  Id. at 288-89.

Here, CTA seeks judgment in the amount of $73,832.62, based in part on an "account stated" in which the last entry is dated January 21, 2005.  As Witex's claim for $73,832.62 appears to have been assigned to CTA on May 6, 2005, and the complaint in this action was filed on July 21, 2005, the court considers that the demand in the complaint for $76,826.38 was not made in good faith.  Accordingly, the court requires that CTA show cause in writing why the action should not be dismissed for lack of subject matter jurisdiction.

CTA shall also serve a copy of its response on the defendants, along with a copy of the motion for entry of default, the notice of entry of default, and the motion for default judgment, and shall file a certificate of service with the court.

**IT IS SO ORDERED.**

Dated: December 16, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge